IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STEPHEN PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-cv-212-RAH |
| | ) | |
| JIMMIE L. BRAYBOY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## __MEMORANDUM OPINION AND ORDER__

Plaintiff filed this 42 U.S.C. § 1983 action to allege certain violations of his civil rights, and the Court has now screened the Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[1] Upon review, and for the reasons explained below, the Court will dismiss two of the named defendants and serve the Complaint upon the remaining three.

The Complaint alleges that, while incarcerated at Easterling Correctional Facility on June 2, 2024, Plaintiff was threatened by a mob of inmates. (Doc. 1-1 at 1.) Plaintiff sought help from Defendant Brayboy, but Defendant Brayboy did not want to help him. (*Id*.) Plaintiff then showed Defendant Brayboy a knife he kept on his person "to protect [himself] with," and Defendant Brayboy ordered Plaintiff to give him the knife. (*Id*.) Plaintiff, frustrated that Defendant Brayboy "continued to disregard [his] problem," "went bababas" and refused to turn over the knife. (*Id*.) The two "had a Mexican standoff for about three to four hours" until Plaintiff "got very stressed and gave in." (*Id*.) At that point, "instead of handcuffing [Plaintiff] and

---

[1] Under these statutes, the Court is required to dismiss a complaint or any portion thereof if it is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

locking [him] up," Defendants Brayboy, Thompson, and Love started "beating [Plaintiff] up." (*Id*. at 1–2.) They broke his fingers, busted his head, and "basically just beat on [him] for a good five-six minutes." (*Id*.) Based on these allegations, Plaintiff brings suit against the above three Defendants as well as Warden Antonio McClain for "allow[ing] his officers to have a Mexican standoff with [Plaintiff]" and former Alabama Department of Corrections Commissioner John Hamm for "not put[ting] in measures" to protect Plaintiff.[2] (*Id*. at 2.)

Plaintiff has failed to state a viable failure to protect claim against either Defendant McClain or Defendant Hamm. A prison official's "deliberate[] indifferen[ce] to a substantial risk of serious harm to an inmate who suffers injury" gives rise to an Eighth Amendment violation. *Marbury v. Warden III*, 180 F.4th 1349, 1356 (11th Cir. 2026) (quoting *Lane v. Philbin*, 835 F.3d 1302, 1307 (11th Cir. 2016)). "To establish a § 1983 claim for deliberate indifference, a plaintiff must show '(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.'" *Marbury*, 180 F.4th at 1356 (quoting *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019)). To establish deliberate indifference, a plaintiff must demonstrate "that the defendant acted with 'subjective recklessness as used in the criminal law,' … and to do so he must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (internal citation omitted).[3] The Complaint fails to assert any allegations

---

[2] Although they are not named in the caption of the Complaint, the body of the Complaint also seeks to name "the depity Warden" and Deputy Commissioner Wendy Williams for their failure to assist in protecting Plaintiff. (*See* doc. 1-1 at 2.) Plaintiff's claims against these individuals fail for the same reasons as Defendants McClain and Hamm.

[3] "[C]ivil law generally calls a person reckless who acts or (if the person has a duty to act) fails to act in the face of an unjustifiably high risk of harm that is *either known or so obvious that it should be known*." *Wade*, 106 F.4th at 1256 (citing *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). By

sufficient to demonstrate that Defendants McClain and Hamm acted with subjective recklessness as used in the criminal law, *see Wade*, 106 F.4th at 1262, or were the cause of Plaintiff's injuries.

Additionally, to the extent Plaintiff seeks to hold Defendants McClain and Hamm responsible for the actions of their subordinates under a theory of supervisory liability, he cannot do so. *See Keith v. DeKalb Cnty., Georgia*, 749 F.3d 1034, 1047 (11th Cir. 2014) ("[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."); *Case v. Riley*, 270 F. App'x 908, 911 (11th Cir. 2008) ("[C]laims against supervisory personnel who did not personally participate in the acts complained of are not actionable under section 1983."). Rather, to state a viable § 1983 claim against a defendant in his role as a supervisor, a plaintiff must demonstrate either (1) the supervisor's personal participation in the unconstitutional conduct or (2) a causal connection between the supervisor's actions and the alleged constitutional violation. *Magwood v. Sec'y, Fla. Dep't of Corr.*, 652 F. App'x 841, 844 (11th Cir. 2016) (citing *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990)). The Complaint fails to state allegations sufficient to make either of these showings. Thus, Plaintiff's claims against these defendants are due to be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Accordingly, it is **ORDERED** as follows:

(1)     Plaintiff's claims against Defendants Antonio McClain and John Hamm are **DISMISSED** without prejudice for failure to state a claim on which relief may be granted, and the Clerk of Court is **DIRECTED** to terminate these defendants from the electronic docket.

(2)     The Clerk of Court is further **DIRECTED** to (a) send a copy of this

---

contrast, "criminal law … generally permits a finding of recklessness only when a person disregards a risk of harm *of which he is aware*." *Id*. (citing *Farmer*, 511 U.S. at 836–37).

Order to the Plaintiff and (b) serve a copy of this Order and the Summons and Complaint via certified mail on each of the remaining Defendants.

(3)     It is the Plaintiff's responsibility to provide the Clerk's Office with an accurate address for each Defendant. Without an accurate address, service of process cannot be perfected. It is also the Plaintiff's responsibility to monitor proceedings and make sure that service has been completed. Except in very unusual circumstances, a person not properly served will not be deemed a party to this case.

(4)     If a service recipient will not accept service for a named Defendant, the service recipient is **DIRECTED** to so advise the Court and provide the Court with the Defendant's last known address and phone number. This information may be filed with the Clerk of Court in response to this Order and may be filed under seal.

(5)     Defendants Brayboy, Thompson, and Love are ordered to answer or otherwise respond by motion, in accordance with Rule 12 of the Federal Rules of Civil Procedure, within **21 days** of being served.

**Finally, this Order provides notice that the Court has discontinued the use of the special report process in cases brought by *pro se* inmates under 42 U.S.C. § 1983. In its place, the Court has adopted an Initial Scheduling Order, which sets deadlines and governs discovery in accordance with the Federal Rules of Civil Procedure. This change is intended to streamline case management, promote uniformity, and ensure consistency with federal procedural standards. All parties are expected to comply fully with the obligations established in the Initial Scheduling Order, which will be entered after the filing of the Defendants' answer(s).**

**DONE**, on this the 11th day of August 2026.


R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE